IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

BRENDA GANN
O/B/O ERIC GANN                                                                   PLAINTIFF

VS.                              CIVIL NO. 06-2040

MICHAEL J. ASTRUE[1], Commissioner
SOCIAL SECURITY ADMINISTRATION                                                    DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Brenda Gann, brings this action on behalf of her son, Eric, seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the decision of the Commissioner of the Social Security Administration (Commissioner), denying Eric's application for childhood disability benefits and supplemental security income (SSI) benefits under Title XVI of the Social Security Act.

**I. Background:**

Plaintiff protectively filed an application for childhood disability benefits and SSI on Eric's behalf on June 19, 2002,[2] alleging that Eric is disabled due to severe obesity, seizures, right ankle problems, osteoarthritis, borderline intellectual functioning ("BIF"), and depression. (Tr. 19, 20, 457, 467). An administrative hearing was held on July 22, 2003. (Tr. 604-650). Plaintiff was present and represented by council.

---

[1]Michael J. Astrue became the Social Security Commissioner on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue has been substituted for Commissioner Jo Anne B. Barnhart as the defendant in this suit.

[2]Records indicate that plaintiff had previously applications for SSI in May 1994 and August 1996. (Tr. 19). Based on his August 1996 application, plaintiff was found to be disabled and was awarded benefits until April 2001, when he turned eighteen. (Tr. 19).

At the time of the administrative hearing, Eric was twenty years old and, with the assistance of a special education program, had obtained a high school education. (Tr. 20, 457). Records reveal that Eric has no vocationally relevant past work experience. (Tr. 20, 473, 611-612).

The Administrative Law Judge ("ALJ"), in a written decision dated October 23, 2003, found that Eric's impairments were severe. However, he concluded that Eric retained the residual functional capacity ("RFC") to perform a significant range of light work, limited by his need for a sit/stand option; ability to only occasionally stoop, crouch, kneel, crawl, climb stairs, and balance; and, inability to climb ladders, ropes, and scaffolds or be exposed to hazards such as driving moving and/or dangerous machinery. (Tr. 25). From a mental standpoint, the ALJ determined that Eric could perform work requiring him to understand, remember, and carry out simple one and two step tasks and involving no more than incidental contact with the general public. (Tr. 26). As such, the ALJ determined that Eric's impairments did not meet, medically equal, or functionally equal any listed impairment. (Tr. 26-27).

On March 21, 2006, the Appeals Council declined to review this decision. (Tr. 8-11). Subsequently, plaintiff filed this action. (Doc. # 1). This case is before the undersigned for report and recommendation. Both parties have filed appeal briefs, and the matter is now ready for decision. (Doc. # 9, 10).

**II. Standard of Review:**

The court's review is limited to whether the decision of the Commissioner to deny benefits to the plaintiff is supported by substantial evidence on the record as a whole. *See Ostronski v. Chater*, 94 F.3d 413, 416 (8th Cir. 1996). Substantial evidence means more than a mere scintilla of evidence, it means such relevant evidence as a reasonable mind might accept as adequate to support

a conclusion. *See Richardson v. Pearles*, 402 U.S. 389, 401 (1971). The court must consider both evidence that supports and evidence that detracts from the Commissioner's decision, but the denial of benefits shall not be overturned even if there is enough evidence in the record to support a contrary decision. *Johnson v. Chater*, 87 F.3d 1015, 1017 (8th Cir. 1996).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. *See* 20 C.F.R. §§ 404.1520(a)- (f)(2003), 416.920. Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schwieker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. §§ 404.1520, 416.920 (2003).

**III.  Discussion:**

Of particular concern to the undersigned in the ALJ's RFC determination.  RFC is the most a person can do despite that person's limitations.  20 C.F.R. § 404.1545(a)(1).  A disability claimant has the burden of establishing his or her RFC.  *See Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir.2004).  "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004); *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005).  Limitations resulting from symptoms such as pain are also factored into the assessment.  20 C.F.R. § 404.1545(a)(3).  The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question."  *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001).  Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace."  *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003).

In the present case, the medical evidence reveals that Eric is obese, weighing approximately 350 pounds.  (Tr. 631-632).  In addition, he has undergone pinning of a slipped capital femoral epiphysis in both hips and sustained an injury to his right ankle in 1997.  (Tr. 99, 358, 431).  X-rays of his lumbar spine show a mild dextrocurvature of the lumbar spine with small scattered focal end plate compressions.  (Tr. 519).  Further, a physical examination has revealed reduced lateral and forward bending in the lumbar spine, reduced dorsiflexion and plantar flexion in the right ankle, inversion/eversion on the right of about half of the normal left side, and decreased sensation in the right lower extremity.  (Tr. 521).

The only evidence addressing Eric's ability to function in the workplace during the relevant time period is an RFC assessment completed by Dr. Robert Redd, a non-examining, consultative physician. (Tr. 524-533). After reviewing plaintiff's medical records, he concluded that plaintiff could lift less than ten pounds frequently; lift ten pounds occasionally; stand and walk two hours during an eight-hour workday; sit six hours during an eight-hour workday; and, occasionally climb, balance, stoop, kneel, crouch, and crawl. (Tr. 525-526). This assessment was affirmed by a second non-examining physician on January 31, 2003. (Tr. 533).

In spite of the fact that the record contains no evidence to suggest that plaintiff is capable of performing light work, the ALJ concluded that plaintiff can perform a significant range of light work, limited by his need for a sit/stand option; ability to only occasionally stoop, crouch, kneel, crawl, climb stairs, and balance; and, inability to climb ladders, ropes, and scaffolds or be exposed to hazards such as driving moving and/or dangerous machinery. (Tr. 25). *See id*. As such, we do not find substantial evidence to support the ALJ's determination and believe that remand is necessary to allow the ALJ to reevaluate plaintiff's physical RFC.

We also note that none of plaintiff's treating physicians have completed an RFC assessment for the time period in question. *See Vaughn v. Heckler*, 741 F.2d 177, 179 (8th Cir. 1984) (If a treating physician has not issued an opinion which can be adequately related to the disability standard, the ALJ is obligated to address a precise inquiry to the physician so as to clarify the record). Accordingly, on remand, the ALJ is directed to address interrogatories to the physicians who have treated plaintiff, asking the physicians to review plaintiff's medical records; to complete a physical and mental RFC assessment regarding plaintiff's capabilities during the time period in question; and, to give the objective basis for their opinions, so that an informed decision can be made

regarding plaintiff's ability to perform basic work activities on a sustained basis during the relevant time period in question. *Chitwood v. Bowen*, 788 F.2d 1376, 1378 n.1 (8th Cir. 1986); *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985).

Further, there also appears to be some question as to whether Eric sustained a broken ankle requiring surgery. Although Eric testified that his ankle was broken and that he had undergone more than one surgery to correct this problem, the record alludes to this possibility but does not contain medical records to evidence the alleged surgical procedures. (Tr. 613-614). Accordingly, on remand, the plaintiff is directed to provide the ALJ with any and all medical records pertaining to said injury.

The record is also unclear as to the reason Eric was awarded benefits in 1997 and the reason said benefits were terminate in 2001. While it appears as though Eric originally obtained benefits due to his father's disability with cessation in 2001 upon his graduation from high school, statements made at the administrative hearing also suggest that Eric was awarded child SSI benefits in 1997 based upon his own disability, with said benefits terminating in 2001when he turned 18. The record does not, however, contain any documentation of the granting or termination of said benefits. As such, on remand, the ALJ is also directed to resolve this issue and make clear whether Eric's 2001 cessation of benefits is under reconsideration with the present application.

## IV. Conclusion:

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence, and therefore recommend that the denial of benefits be reversed and this matter be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g). **The parties have ten days from receipt of our report and recommendation in which to file written**

**objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 27th day of February 2007.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE